Dear Mr. Ellis:
You ask on behalf of yourself and the Brevard County Commission substantially the following question:
May the clerk of the court collect a fee from the Brevard County Commission for certification and recording of copies of judgments containing court costs imposed pursuant to section 939.185, Florida Statutes?
In sum:
Section 939.185(1)(d), Florida Statutes, directs the clerk of the court to record a certified copy of a judgment containing the additional costs authorized in section 939.185, Florida Statutes, but does not make the county responsible for payment of a fee for such certification and recording.
During the 2009 legislative session, section 939.185, Florida Statutes, was amended to provide for the recording of certified copies of judgments ordering additional court costs with the clerk of the courts, such that the judgment becomes a lien upon certain property owned by the person upon whom the costs have been levied.[1] You indicate that there is a disparity in the manner in which clerks have interpreted their ability to collect a fee for the certification and recording of such judgments.
Section 939.185, Florida Statutes, as amended, states:
"(1)(a) The board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state. Such additional assessment shall be accounted for separately by the county in which the offense occurred and be used only in the county imposing this cost, to be allocated as follows:
1. Twenty-five percent of the amount collected shall be allocated to fund innovations to supplement state funding for the elements of the state courts system identified in s. 29.004 and county funding for local requirements under s. 29.008(2)(a)2.
2. Twenty-five percent of the amount collected shall be allocated to assist counties in providing legal aid programs required under s. 29.008(3)(a).
3. Twenty-five percent of the amount collected shall be allocated to fund personnel and legal materials for the public as part of a law library.
4. Twenty-five percent of the amount collected shall be used as determined by the board of county commissioners to support teen court programs, except as provided in s. 938.19(7), juvenile assessment centers, and other juvenile alternative programs.
* * *
(b) In addition to the court costs imposed under paragraph (a) and any other cost, fine, or penalty imposed by law, any unit of local government which is consolidated . . . and any unit of local government which is consolidated . . . and any unit of local government operating under a home rule charter . . . may impose by ordinance a surcharge in the amount of $85 to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state. Revenue from the surcharge shall be transferred to such unit of local government for the purpose of replacing fine revenue deposited into the clerk's fine and forfeiture fund under s. 142.01. Proceeds from the imposition of the surcharge authorized in this paragraph shall not be used for the purpose of securing payment of the principal and interest on bonds."
In subsection (1)(d), the statute provides:
"The clerk of court shall cause a certified copy of the courtorder imposing such costs to be recorded in the public records. Such record constitutes a lien against the person upon whom the costs are imposed and shall attach as a lien on any real property owned by such person located in the county in which such order is recorded in the same manner and to the same extent as a judgment recorded as provided in s. 55.10. Such order shall attach as a lien on any personal property owned by such person located in the state upon the filing with the Department of State of a judgment lien certificate regarding such order as provided in ss. 55.202-55.209. A lien created under this paragraph does not attach to, or make subject to execution of levy or foreclosure, any real or personal property otherwise exempt under s. 4, Art. X of the State Constitution. A lien created under this paragraph is enforceable in the same manner as provided by law." (e.s.)
It should be noted that the disbursement of the costs imposed pursuant to section 939.185, Florida Statutes, is "subordinate in priority order of disbursement to all other state-imposed costs authorized in this chapter, restitution or other compensation to victims, and child support payments."[2]
The plain language of the statute imposes the duty upon the clerk of the court to "cause" a certified copy of the court order to be recorded in the public records.[3] This language appears to be unique in statutory directives relating to the recording of documents by the clerk of the court. It does not direct the county to request a certified copy, nor does it require the county to file such certified copy in the public records. Rather the clerk is the official who must initiate the filing of a certified copy of the judgment in the public records. Section 939.185, Florida Statutes, is silent as to whether a service charge may be assessed and collected by the clerk of the court for carrying out the legislatively mandated duty.
A review of the legislative history of the act shows that the language regarding recording of a certified copy of the judgment originated in a committee substitute for House Bill 217, a bill relating to court costs. The staff analysis accompanying House Bill 217 states that "[t]his bill also adds that the clerk of the court shall record a certified copy of the court order, which imposes these additional costs, for public record." There is no discussion in the analysis of collecting a fee for the certification and recording. While House Bill 217 did not pass, the exact language was added by the conference committee to Senate Bill 1718 which amended section 939.185, Florida Statutes.[4]
A perusal of various statutes relating to recording documents in the public records and certifying copies by the clerk of the court shows instances where the recording or certification shall be performed by the clerk upon payment of a fee. For example, section 497.2765, Florida Statutes, recognizes the right of a person purchasing a burial right, belowground crypt, grave space, mausoleum, columbarium, ossuary, or scattering garden for the interment, entombment, inurnment, or other disposition of human remains to permanently record the purchase with the clerk of the court in the county where the property is located. The statute states:
"(2) The clerk of the court shall record the evidence of the purchase of a burial right, belowground crypt, grave space, mausoleum, columbarium, ossuary, or scattering garden presented to him or her for recording upon payment of the service charge asotherwise provided by law for the recording of the purchase documents in the official records."[5] (e.s.)
Similarly, when a person seeks to preserve an interest in land which would be affected by the Marketable Record Title Act in Chapter 712, Florida Statutes, that person must file a notice of the claim in writing with the clerk of the circuit court of the county or counties where the land described therein is located. The clerk "shall enter, record, and index said notice in the same manner that deeds are entered, recorded, and indexed, as though the claimant were the grantee in the deed and the purported owner were the grantor in a deed, and the clerk shall charge the same fees for recording thereof as are charged for recording deeds."[6] However, there may be instances where the clerk receives a document for filing and no fee is required.[7]
In light of the discussion above and the apparent unique manner in which the Legislature has imposed the duty upon the clerk of the court, it is my opinion that the clerk of the court must record a certified copy of a judgment containing an assessment of costs authorized in section 939.185, Florida Statutes, without collection of a fee from the county. However, due to the inconsistent interpretation of the statute by various clerks throughout the state, it may be advisable to seek legislative clarification of this issue.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 14, Ch. 2009-61, Laws of Fla.
[2] Section 939.185(1)(c), Fla. Stat.
[3] See Webster's Third New International Dictionary (unabridged, 1981), p. 356, defining the transitive verb form of "cause" as "to serve as cause or occasion of; bring into existence."
[4] See Conference Committee Amendment, Florida Senate, CS for SB 1718, May 8, 2009.
[5] Section 497.2765(2), Fla. Stat.
[6] Section 712.06(2), Fla. Stat.
[7] See s. 206.15, Fla. Stat., establishing a lien in favor of the state for delinquent fuel taxes when the state files a claim of lien in the office of the clerk of the circuit court in the county where the principal place of business of the person owing such taxes is located and stating that "no filing fee shall be required."